UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN RODRIGUEZ,<br><br>                              Petitioner,<br><br>                    v.<br><br>JAIME RIOS, et al.,<br><br>                              Respondents. | Case No. 5:26-cv-03462-AH-SSC<br><br>MEMORANDUM AND ORDER GRANTING UNOPPOSED HABEAS PETITION |

On June 23, 2026, Petitioner Jonathan Rodriguez filed this petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241.[1]  (ECF 1.)  Petitioner is a citizen of Mexico currently detained by Immigration and Customs Enforcement (ICE) at Adelanto ICE Processing Center in Adelanto, California, within this judicial district.  (*Id.* at 3, 6, 15.)  He was detained on May 29, 2026, after his Intensive Supervision Appearance Program (ISAP) officer directed him to go to the Santa Ana ICE office, and he has not received a bond hearing.  (*Id.* at 9–10.)

---

[1] Along with the petition, he filed a motion for a temporary restraining order.  (ECF 3.)  Because the Court grants the petition, it denies the motion as moot.

Petitioner alleges[2] that he entered the country without inspection over 25 years ago. (*Id.* at 6.)  He was first detained by ICE and placed in removal proceedings in July 2025. (*Id.*)  On July 25, 2025, a bond hearing was held and he was ordered released on bond and alternatives to detention. (*Id.*)  The Department of Homeland Security appealed the decision under *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), and the Board of Immigration Appeals (BIA) vacated the bond order. (*Id.* at 6–7.)

Petitioner sought a custody redetermination hearing, and the immigration court held a hearing on December 16, 2025. (*Id.* at 7.)  The immigration judge (IJ) found that the IJ did not have jurisdiction to issue a bond, as there was no "final order" in *Maldonado Bautista.* (*Id.*)  The IJ found in the alternative that if the IJ did have jurisdiction, the IJ would grant a bond in accordance with the IJ's prior decision. (*Id.*)

Petitioner filed a habeas petition in the Southern District of California on December 18, 2025, which was granted, and he was released on December 30, 2025.[3] (*Id.*)  He was placed under the alternatives to detention program and had to wear an ankle monitor and attend regular check-ins at the ICE and ISAP field offices. (*Id.* at

---

[2] Because Respondents have provided no information about Petitioner, all facts contained herein are taken directly from the petition unless otherwise noted.

[3] *See Rodriguez Chavarria v. Archambeault*, No. 3:25-cv-03655-JLS-SBC (S.D. Cal. filed Dec. 18, 2025), Dkt. No. 6.  Though the current petition alleges that he was released on December 30, 2026, (ECF 1 at 7), it is clear that this is a typographical error as that date has yet to occur and the attached exhibit shows the writ issuing in December 2025. (ECF 1 at 33.)

2

7–8.)  Petitioner consistently complied with all ICE orders and regularly attended his check-in appointments.  (*Id.* at 8.)

In February 2026, Petitioner was detained at a scheduled ICE check-in, and ICE stated they were detaining him because they did not see an appeal of his removal order, which was entered on December 29, 2025.  (*Id.*)  Petitioner was released after counsel confirmed that Petitioner had a pending BIA appeal.  (*Id.*)  Petitioner was placed on an order of release on recognizance.  (*Id.*)  His ankle monitor was later removed, and his order of supervision was modified to include check-ins in the form of him taking a picture via the ISAP application on his phone.  (*Id.* at 8–9.)  He attempted to upload a photograph on May 26, 2026, but it took hours and the upload was late.  (*Id.* at 9.)  He was instructed to go to an in-person check-in and was detained because he was deemed as attempting to flee.  (*Id.*)  He was given no notice that his order of supervision was going to be revoked and was provided no hearing or substantive opportunity to challenge the revocation.  (*Id.*)

On June 1, 2026, Petitioner filed a request for a bond hearing with the immigration court, and on June 9, 2026, the court scheduled a bond hearing for June 12, 2026.  (*Id.*)  The day before the scheduled hearing, the court issued a written order denying the request pursuant to *Matter of Yajure Hurtado*.  (*Id.* at 9–10.)

Petitioner seeks immediate release from custody arguing that his re-detention violated due process protections under the Fifth Amendment.  (*Id.* at 2, 13–23.)  Further, he asks the Court to enjoin Respondents from re-detaining Petitioner "until he is afforded a hearing before a neutral decision maker, as required by the Due Process clause of the Fifth Amendment, to determine whether circumstances have materially changed such that his incarceration would be justified

3

because there is clear and convincing evidence establishing that he is not [*sic*] a danger to the community or a flight risk."[4]  (*Id.* at 2–3.)

Respondents filed an answer to the petition stating that "Respondents are not presenting an opposition argument at this time" and further that "consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter."  (ECF 8 at 2.)  The Court thus construes the relief requested in the § 2241 petition as unopposed.[5] On July 2, 2026, Petitioner filed a reply noting Respondents' non-opposition and requesting immediate release.  (ECF 9.)

Accordingly, the Court ORDERS that:

(1)   a writ of habeas corpus is GRANTED and Respondents must immediately release Petitioner **Jonathan Rodriguez's (A# 246-059-012)** from ICE custody under appropriate conditions of supervision;

(2)   the motion for a temporary restraining order (ECF 3) is denied as moot;

---

[4] Petitioner also seek attorney's fees and costs.  To recover prevailing-party fees under the Equal Access to Justice Act, counsel must file a separate motion for such fees within thirty days of final judgment in the action.  *See* 28 U.S.C. § 2412(d); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002).

[5] "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified).  Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).

(3)   absent a final order of removal, Respondents are enjoined from re-detaining Petitioner until he is afforded a hearing before a neutral decision maker, to determine whether circumstances have materially changed such that his incarceration would be justified because there is clear and convincing evidence establishing that he is a danger to the community or a flight risk.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

Dated: JULY 2, 2026

_____
HONORABLE ANNE HWANG
United States District Judge

Presented by:

_____
STEPHANIE S. CHRISTENSEN
United States Magistrate Judge

5